(159 App. Div. 303.)

**PEOPLE ex rel. SULLIVAN v. WALDO, Police Com'r.**

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

MUNICIPAL CORPORATIONS (§ 185*)—POLICE OFFICERS—REMOVAL—GROUNDS.

Relator, a policeman, while off duty, was cleaning his revolver at home. His wife was standing beside him, when the revolver was accidentally discharged, and the bullet passed through her body, from which she shortly thereafter died. Immediately after the accident he did everything possible to save her life, and she, after being taken to the hospital, told the same story. *Held*, that such happening was a pure accident not amounting to "conduct unbecoming an officer" sufficient to justify his dismissal for alleged violation of police rule 45, providing that patrolmen shall not willfully maltreat any person, and shall use extreme care in the use of revolvers, etc.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on relation of John L. Sullivan, against Rhinelander Waldo, as Police Commissioner, to review respondent's determination of the Police Commissioners of the City of New York dismissing relator from the police force of such city. Writ granted; determination annulled.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Jacob Rouss, of New York City, for relator.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J.  The relator seeks to review, by a writ of certiorari, the action of the police commissioner of the city of New York in dismissing him from the office of patrolman on the police force of said city. On November 18, 1912, a written charge was preferred against the relator for "conduct unbecoming an officer," with a specification as follows:

"Said Patrolman John L. Sullivan, Shield No. 5748, of the 26th precinct, while off duty and at his residence, 1682 Bergen street, borough of Brooklyn, did carelessly discharge his revolver at or about 2 p. m., November 7, 1912; the bullet from same entering the upper part of the abdomen of his wife, Florence Sullivan, causing injuries from which she died on or about 4 p. m., November 11, 1912."

After a hearing on said charges, the relator was found guilty thereof, and dismissed from the police force of the city of New York. One of the matters urged by the respondent to sustain his determination is an alleged violation of rule 45 of the police department, which is as follows:

"Paragraph 23. They [patrolmen] shall not willfully maltreat nor use unnecessary violence to any person, prisoner or otherwise. The baton will not be used except when absolutely necessary. Extreme care will be exercised in the use of revolvers. They should not be discharged, nor even drawn, except in self-defense, or when necessary to effect the arrest of a felon, or, in extreme cases, to call assistance. Rule 45. Patrolmen."

The proofs taken at the hearing against the relator show a most pathetic happening.  He was a young married man.  His wife and he had lived in domestic peace for the short period of their marriage. On November 7, 1912, while the relator was off duty, and in his apartments where he resided with his wife and his mother, he was engaged in cleaning the revolver with which he was equipped as a policeman. He cleaned and oiled it, and proceeded to reload it.  His wife was standing beside him, helping him in his work, and engaged in cleaning the holster of the revolver.  It was accidentally discharged, and a bullet went into the body of his wife, causing severe injuries, from which she died very shortly.  At the time of this happening, the relator's mother was in the room, which was the kitchen, and heard the discharge of the revolver, but did not see it, as her back was turned to her son and his wife.  Immediately the husband came to the assistance of his wife, turned her over to his mother, ran to the street, and secured an ambulance.  The wife was taken to a hospital, where she was interviewed by an inspector of police, and she told him the story as just detailed.  In the record there is no basis for any suspicion of any willful misconduct on the part of the relator in this sad happening.  Assuming that rule 45, above quoted, relates to the conduct of a policeman while he was in his own home, there was no proof whatever, except the mere discharge of the revolver itself, that he acted in any willful or wantonly careless manner.  Doubtless there was some carelessness or inadvertence on his part, or the revolver could not have been discharged; but whatever the inadvertence, under these circumstances, it could not have amounted to the offense of "conduct unbecoming an officer."  It would seem to us that the misfortune that overtook the relator in this pathetic tragedy was grave

enough without the making against him of such a hypercritical charge. The memory of this tragedy is sad enough for the relator without inflicting upon him a dismissal from the police force for what appears to have been a pure fortuity.

The determination of the police commissioner should be annulled, with $50 costs and disbursements, and the relator reinstated. All concur.